*BROWN* vs. *THOMPSON.*

Eastern Dis.
*January* 1828

In sales
made before
the promul-
gation of the
new code, the
rights of the
parties are to
be regulated
by the provi-
sions of the
former code.

APPEAL from the court of the third district

MARTIN, J. delivered the opinion of the court. The payment of the balance of the price of a tract of land, sold by the plaintiff to the defendant, was resisted on the ground of a want of title in the former; and it is further urged, that the latter is actually disturbed, suit having been brought against him in his capacity of curator to the estate of Cooke, one of the joint purchasers of King and Hacket, of a tract of land, part of which was sold by King to the plaintiff, and by the plaintiff to the defendant. There was judgment against the latter, and he appealed.

As the sale to the defendant took place before the adoption of the new Civil Code, his rights under it, and those of his vendors, cannot be affected by any provision peculiar to the new code; it follows, therefore, that a danger of eviction does not authorise the vendee to retain the price, whilst there is no disturbance 7 *Martin,* 223, *vol.* 3; 220, *Abat* vs. *Cast. id.* 480, *Excisor* vs. *Weiss, id.* 352, *Gardere* vs. *Weiss.*

The new code adds to the contract of sale a new clause, which prevents the recovery of the

price, in a case in which it was legally demandable. It imposes the obligation of giving security for returning it; an obligation, in every instance very burdensome, and in many impossible; and the case of the vendor is rendered still harder by his being unable to recover back his property, while he cannot claim the price.

The suit against the defendant in his capacity of curator to the estate of Cooke, cannot affect his individual property, nor the rights of King, the joint owner of Cooke.

Interest was properly allowed on the price of the land.

It is therefore ordered, &c. that the judgment of the district court be affirmed with costs.

*Morse* for the defendant.